Revised 03/06 WDNY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

- 19.CV 6624 T

## FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
### (Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET.** See **Pro Se Privacy Notice** for further information.

FILED

AUG 2 6 2019

UNITED STATES DISTRICT COURT
MARY C. LOEWENGUTH, CLERK
WESTERN N.Y.

### 1. CAPTION OF ACTION

**A.      Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

Walter J Hendrix

-vs-

**B.      Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. MASiS Staffing Solutions llc
2. Todd Comfort
3. Otto Pina
4. Jany Gonzalez
5. Jaye Diaz
6. Frank Battaglini,

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
#### All of these sections MUST be answered

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court: This is a case that is under Federal question

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District: This claim and defendant reside's in the 17 Western most counties of New York State

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit: This is a civil Rights Claim under Retaliation, Discrimination, personal insury. Wrongful termination, Breach of contract.

## 3.  PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: __WAHer J Hendrix__

Present Address: __1855 Brook's Avenue Apt 1 Rochester__
__New york  14624__

Name of Second Plaintiff: _____

Present Address: __585- 478-9088__ Area __14624__

**DEFENDANT'S INFORMATION  NOTE:** *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: __Todd Comfort__

Official Position of Defendant (if relevant): __General Manager__

Address of Defendant: __1600 West ridge Road__
__Rochester, NY 14615__          __585 296-1100__

Name of Second Defendant: __Jany gonzalez__

Official Position of Defendant (if relevant): __office personell MASiS Staffing Solutions__

Address of Defendant: __1600 West Ridge Road__
__585 296-1100__          __Rochester, NY 14615__

Name of Third Defendant: __Jaye Diaz__

Official Position of Defendant (if relevant): __personell Coordinator MASiS Staffing Solutions__

Address of Defendant: __1600 West ridge Road__
__585 296-1100__          __Rochester NY, 14615__

## 4.  PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.**    Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?

Yes **X**   No____

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

Plaintiff(s): __Walter J Hendrix__

Defendant(s): _Pactiv llc_

2.  Court (if federal court, name the district; if state court, name the county): _U.S. District Court_ _U.S. District Court Western District of New York_

3.  Docket or Index Number: _6:19-CV-0649-MAT_

4.  Name of Judge to whom case was assigned: _HON: Micheal A. Telesca_

5.  The approximate date the action was filed: _June 2019_

6.  What was the disposition of the case?

    Is it still pending? Yes _X_   No ____

    If not, give the approximate date it was resolved._____

    Disposition (check those statements which apply):

    ____ Dismissed (check the statement which indicates why it was dismissed):

    ____   By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    ____   By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    ____   By court due to your voluntary withdrawal of claim;

    ____ Judgment upon motion or after trial entered for

    ____   plaintiff
    ____   defendant.

---

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

**A. FIRST CLAIM:** On (date of the incident) _1/19/2018/, 5/9/2018/ July 9th 2018_

defendant (give the **name and (if relevant) the position held** of **each defendant** involved in this incident) _____

_Pactiv llc, Alan Bellis, operation's Manager,_
_Shelly Cronk, Team leader, larissa, Willis, AManda, Dressler_

did the following to me (*briefly state what each defendant named above did*): _____

while working on the Morning of 1/19/2018
After being hit and inJured on the Job
Team leader Shelly cronk, s failed in her duty
of care as well as other pActiv llc official's
operation's Manager Alan bellis threatened and intimidated
Me, for exercising My protective activity larissa willis
did not iniate an investigation into threat's and Hostility.

The federal basis for this claim is: 42 usc sub section 1981 A. civil right's
retaliation ADA. Discrimination, Duty of care Negligence

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes:*

Based on civil Right's Violation's. I would like
the court to Allow Me to Seek damage's compensatory and puntive

---

**B. SECOND CLAIM:** On (*date of the incident*) July 9th 2018 ,

defendant (*give the name and (if relevant) position held of each defendant involved in this incident*) MASiS
Staffing Solution's llc, Manager Todd comfort, office personell,
Jany gonzalez, JAye Diaz, otto pina, Frank, Battaglini, Manager

did the following to me (*briefly state what each defendant named above did*): I was retaliated
and discriminated by MASiS Staffing Solution's llc
By their General Manager Todd comfort and
His staff. Staff includes: Jany gonzalez,
JAye Diaz, otto pina, Frank ..? Todd comfort
refused to deal with pActiv llc Discrimination towards
Me. He the instructed his Staff to Retaliate agAinst Me.

The federal basis for this claim is: 42 USC Sub Section, 1981 A civil Right's
Retaliation, Discrimination, Breach of contract, wrongful termination

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes:*

Based on My civil Right's being Violated, And Mental
Anguish coming from it. Seeking relief compensatory
And punitive DAMages

---

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

**6. SUMMARY OF RELIEF SOUGHT**

*Summarize the relief requested by you in each statement of claim above.*

I am unemployed due to being discriminated, Retaliated, Breach of contract, and Wrongfully terminated for that reason's i am seeking relief in damage's.
① compensatory damage's, Punitive damage's, letter of apology, change in policy

Do you want a **jury trial**? Yes _X_ No ____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _8 | 26 | 2019_
                    (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Signature(s) of Plaintiff(s)

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Walter J. Hendrix<br>1855 Brooks Avenue<br>Apt 1<br>Rochester, NY 14624 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-00284 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)*          **Charging Party to pursue matter in Federal District Court**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          August 2, 2019

**Kevin J. Berry,**
**District Director**

Enclosures(s)                                                              *(Date Mailed)*

cc:  **MASIS STAFFING SOLUTIONS LLC**
     **Attn: General Manager**
     **1600 West Ridge Road**
     **Rochester, NY 14615**

**THOMPSON COE COUSINS & IRONS LLP**
**Attn: Kevin Mosher - Esq**
**408 Saint Peter Street**
**Suite 510**
**Saint Paul, MN 55102**

US District Court US District Court Western District of New York. Honorable Michael A.Telesca

COMPLAINT: 2 of 2 joint employer complaint. With accompanying supporting documentation

*Copy*
*Cover letter*
*Hendrix v. Masis staffing solutions*
*BE ADVISED, THIS COMPLAINT is the second half of Hendrix vs. Pactiv LLC. Case number. 6:19-cv-06419-MAT*

*To whom it may concern. Honorable Michael a Telesca. US District Court for Western New York. This is a joint employer complaint. Be advised, The case number for the secondary complaint is 10197493. Once again I would like to thank the court for allowing me an extension of time. Along with this secondary half of the complaint. Is the accompanying right-to-sue letter Hendrix vs Masis Staffing Solutions and New York state division of Human Rights original complaint, And after determination. And supporting documentation. Physical / mental impairments can be used to hold you back from the workforce. Sometimes even in life . But what I have learned is that only you! The person you see everyday you look in a mirror is the only one who can hold you back. And with that being said, I hand over my complaint in its entirety, in its truthfulness.*

**U.S. DEPARTMENT OF LABOR**

Occupational Safety and Health Administration
New York Regional Office
201 Varick Street, Room 670
New York, NY 10014



January 23, 2019

Mr. Walter Hendrix
1855 Brooks Ave.
Apt. 1
Rochester, NY 14624

**VIA Email: ghana.9@hotmail.com**

Re: Masis Staffing Solutions; Pactiv Corporation/Hendrix/2-0750-19-018

Dear Mr. Hendrix:

This letter acknowledges receipt of your whistleblower retaliation complaint filed under Section 402 of the FDA Food Safety Modernization Act (FSMA), 21 U.S.C. 399d, which was filed on January 4, 2019 against Masis Staffing Solutions and Pactiv Corporation (Respondent).

The Occupational Safety and Health Administration (OSHA) is responsible for enforcing the whistleblower provisions of Section 402 of the FSMA, and will conduct its investigation following the procedures outlined in 29 CFR Part 1987 (FSMA). You may obtain a copy of the pertinent statute and regulations at: http://www.whistleblowers.gov. Upon request, a printed copy of these materials will be mailed to you.

Under these procedures, OSHA will disclose to the parties information relevant to the resolution of the case as well as provide all parties an opportunity to fully respond. As such, both you and Respondent will receive a copy of each other's submissions to OSHA that are responsive to the above referenced whistleblower complaint. We have notified Respondent of the filing of this complaint and provided Respondent with a copy.

***We request that any future documents you submit to OSHA be submitted electronically, if possible, using the investigator's email address of carlin.christopher@dol.gov, and that whatever you submit to OSHA, you also send a copy to Respondent at the address below:***

Masis Staffing Solutions
1600 West Ridge Road
Rochester, NY 14615

Pactiv Corporation
5250 North Street
Canandaigua, NY 14424

***The Section 402 of the FDA Food Safety Modernization Act (FSMA), 21 U.S.C. 399d regulation provides for the mailing of secretary's findings at the conclusion of the investigation via certified mail or other third-party commercial carrier that provides delivery confirmation. We encourage you to consent to electronic receipt of Findings and Orders by electronic mail. If you do choose***

24180968



**Clarissa M. Rodriguez**
**Chair**

State of New York
Workers' Compensation Board - Paid Family Leave
PO Box 9030
Endicott, NY 13761-9030
*www.ny.gov/paidfamilyleave*

(844) 337-6303

## State of New York - Workers' Compensation Board

## In regard to Walter Hendrix, PFL Case #MA05 0001

## Notice of Decision - Paid Family Leave

*keep for your records*

At the Workers' Compensation hearing held on 07/22/2019 involving the claim of Walter Hendrix at the Rochester hearing location, Judge Melissa Richburg made the following decision, findings and directions:

FINDINGS:  Masis attorney to appear at the next hearing.  Masis attorney to file an form OC-406.  Case is continued.

Information about Next Hearing / Meeting
9/23/19 10am 20 minutes Masis attorney to appear. Set case for trial.

| | | | |
|---|---|---|---|
| Employee - | Walter Hendrix | Employer - | Pactiv LLC |
| PFL Case No. - | MA05 0001 | Date of Filing of this Decision - | 07/29/2019 |
| PFL Start Date - | 1/10/2019 | Discrimination Complaint Date - | 01/10/2019 |
| District Office - | Rochester | | |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).



## ATTENDANCE POLICY FOR U.S. HOURLY WORKERS

### I.   POLICY

Regular and punctual attendance is a fundamental job obligation and our business depends upon it. This policy establishes the maximum acceptable absenteeism limit. It also identifies the points at which employees will receive counseling and disciplinary notices up to and including termination.

In working with employees with substandard attendance, our objective is to improve attendance through counseling and assistance. It is only when such efforts fail and absenteeism continues that disciplinary measures are taken.

### II. ATTENDANCE PROGRAM

#### A. POINTS ASSESSMENT

For purposes of this policy, incidents of absence will result in attendance points as described below.

#### B. DEFINITIONS

1.  Incident – An incident of absence is any one of the following:

    a)  If an employee is absent for one and up to three (3) consecutive scheduled work days for the same reason, he/she will be charged with one (1) point provided he/she personally calls in each day of absence, states the reason for being absent and provides medical documentation that confirms inability to work and covers all dates associated with the absence. One (1) point will be assessed for each day if no medical documentation is provided verifying the employee's inability to work on the days he/she was absent.

    b)  If an employee reports to work more than two (2) hours late or leaves work more than two (2) hours early, he/she will be charged with one (1) point.*

    c)  If an employee reports to work two (2) hours late or less, or leaves work two (2) hours early or less, he/she will be charged with a half (1/2) point.*

    d)  If an employee has exhausted or is not eligible for Family and Medical Leave Act (FMLA) coverage but does receive STD coverage for a Leave of Absence, no attendance point will be assigned for the time the employee is covered by STD for the same condition.



## ATTENDANCE POLICY FOR U.S. HOURLY **WORKERS**

    e) Failure to report for mandatory meetings, trainings or Company scheduled appointments scheduled prior to or after a shift will be subject to the tardy/leave early policy guidelines.

    f) Failure to report for mandatory meetings, training, or Company scheduled medical appointments on non-work scheduled days will result in one (1) point for each occurrence.

    g) Failure to report for scheduled, voluntary or mandatory overtime will result in one (1) point for each occurrence.

    h) Failure to notify the Company of an intended absence at least 30 minutes prior to the start of an employee's scheduled shift will be considered a no-call no-show and will result in one additional attendance point for each occurrence (in addition to any points awarded for the absence itself).

2. Notification requirements- Employees are required to notify the Company of their intended absence at least 30 minutes prior to the start of their scheduled shift.

3. Excused Absence – Exceptions in counting incidents of absence are:
    a) Death in the immediate family per established policy.
    b) Scheduled (approved) vacation/holidays per established policy.
    c) Jury or military duty per established policy.
    d) Plant or equipment scheduled down with Company notification (Lack of Work)
    e) Approved leave under the Family and Medical Leave Act.
    f) Company approved personal or medical leave of absence
    g) Approved disability-related absences or absences due to an unpaid leave granted as a reasonable accommodation under the ADA (per the Reasonable Accommodation Policy)
    h) Non work related subpoena where the employee is not a defendant in a court action
    i) Discipline
    j) Being admitted to a hospital on an emergency basis.
    k) Work related injury for which no modified duty is available
    l) Other absence required by applicable law

Revised 01/01/2017                                   **PAGE 2 OF 5**

| Type | Units | Rate | TotalPay | WeekEnd | Deduction Type | Amount | | Year-To-Date | | | Marital: | M |
|------|-------|------|----------|---------|----------------|--------|---|--------------|---|---|----------|---|
| Reg | 40.00 | $12.50 | $500.00 | 5/6/2018 | FFica | $52.50 | Federal Taxable | $12,334.65 | | Fed Dep | 2 |
| OT | 18.49 | $18.75 | $346.69 | 5/6/2018 | FedEd | $12.27 | AdvanceEInk | $0.00 | | ST Dep | 0 |
| | | | | | FedIncTax | $58.47 | Gross | $12,334.65 | | | |
| | | | | | NYDisabE | $0.60 | FICA | $943.60 | | | |
| | | | | | NYFAMILY | $1.07 | FedIncTax | $731.13 | | | |
| | | | | | NYIncTax | $48.24 | NYIncTax | $678.86 | | | |
| | | | | | | | NYFAMILY | $15.54 | | | |
| | | | | | | | NYDisabE | $10.80 | | | |
| | | | | | | | NET | $9,954.72 | | | |

TOTAL EARNINGS:   $846.69   TOTAL DEDUCTIONS:   $173.15   NET EARNINGS:   $673.54

EMPLOYEE:   892943   Hendrix, Walter J   0   MA NY Rochester

Masis Staffing Solutions, LLC

CHECK ID:   11016708
CHECK NUMBER:   429823
PAY PERIOD ENDING: 5/6/2018   CHECK DATE:   5/11/2018

**Customer**
Pactiv

| S/T Hours | S/T Rate | S/T Pay | O/T Hours | O/T Rate | O/T Pay |
|-----------|----------|---------|-----------|----------|---------|
| 40.00 | 12.50 | 500.00 | 18.49 | 18.75 | 346.69 |


PACTIV
Foodservice / Food Packaging

January 24, 2018

Walter Hendrix

Dear Walter,

I am pleased to confirm with you our verbal offer of employment for the position of a Packaging Associate with Pactiv LLC located in Canandaigua, NY at a base hourly rate of $12.48 per hour. Your assignment will be to our "A" shift, (11:30pm – 8am).

Please note that the offer is contingent upon the following:

- Successfully completing a pre-employment medical examination to the satisfaction of Pactiv LLC. This examination includes an Alcohol and Drug Screening Test.
- Providing written authorization to conduct reference and background checks with results that are satisfactory to the Company for the position being offered.
- Signing and completing all necessary employment forms.
- Furnishing, in accordance with the Immigration Reform and Control Act of 1986 documentation that establishes your identify and eligibility for employment in the U.S.
- Pre-employment process must be completed no later than Wednesday, December 20, 2017 (excluding pending Medical Assessment) or the offer will be retracted.

We are delighted at the prospect of you joining the Pactiv Team for we are confident that the position will offer you the challenge and opportunity you are seeking.

Please feel free to call me at (585) 393-3149 if you have any questions.

Sincerely,

Amanda Dresser
Human Resource Representative

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CEO

John T Mcgrath
Pactiv LLC
1900 W. Field court
Lake forest illinois 60045
USA

9590 9402 4078 8092 2392 13

2. Article Number (Transfer from service label)

7018 1830 0002 0918 2550

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent
                    ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**MASIS STAFFING SOLUTIONS, LLC**

**EMPLOYEE ACKNOWLEDGEMENT OF TRANSPORTATION OBLIGATIONS AND**

**RELEASE**

I, walter j hendrix _____, acknowledge that Masis Staffing Solutions, LLC ("Masis") does not provide transportation services and that it is my sole responsibility to determine and, if necessary, make all arrangements for, my transportation to and from the site of any work assigned to me by Masis, which transportation may include, but is not limited to, walking, driving my personal vehicle, carpooling, taking public transportation, and hiring a private transportation provider.   I further acknowledge and agree that while certain private transportation providers, including, but not limited to, _____, may have routes which include stops at Masis branch office locations, work sites of Masis clients, the personal residences of Masis employees, or other pick-up and drop-off sites requested by me or other Masis employees, that such transportation providers are independent companies and are not employed or contracted by or otherwise affiliated with Masis and that Masis makes no representations or endorsements with regard to the quality, safety, timeliness and business practices of any such transportation provider.  I waive, release and forever discharge Masis from and against any and all claims I may ever have which directly or indirectly arise from or relate to my chosen means of transportation, including, but not limited to, claims relating to injury to my person (including loss of life) or my property or loss of money (each of the foregoing, a "Loss").  Therefore, I understand and agree that in the event I suffer a Loss, I will look only to the transportation provider and its insurance company for recovery.

Signed this _____ day of ___10/26/2017_____, _____

*walter hendrix*

(Employee signature)

walter j hendrix
(Print Employee name)

▬▬▬▬▬
(Employee Address Line 1)

2
(Employee Address Line 2)

This matter came on for a Respondent only fact finding conference by Ugoezi Adjaero, HRS I on November 19, 2018. Participating in the conference were:

Alan Bellis, former Operations Manager
Larissa Willis, Productivity Supervisor
Stacey Bentley, Respondent's attorney
Tina Devey, Senior Human Resources Manager

In response to my inquiry, Larissa Willis said that at no time did Complainant complain of discrimination. According to Larissa Willis, she does not recall any conversation during which Complainant reported discrimination. In response to my inquiry, Larissa Willis said she had a good rapport with Complainant and talked to him on a daily basis, and would say "hi", "hello" and "how are you".

In response to my inquiry, Larissa Willis said Complainant approached her concerning Alan Bellis stating that he was confronted by Alan Bellis and that she forwarded his complaint to Masis Temp agency (Complainant's employer). According to Larissa Willis, Complainant never mentioned any other issue or complain of discrimination. In response to my inquiry, Larissa Willis said Complainant never complained that people yelled at him. Inquiry as to whether Complainant complained of any employment issue, Larissa Willis said Complainant complained on how fast his work lane was going and how slow his co-workers were. In response to my inquiry, Larissa Willis said Complainant did not mention that he has a disability.

In response to my inquiry, Larissa Willis said Complainant did not request for reasonable accommodation because of a disability.

In response to my inquiry, Larissa Willis said that she met Complainant alone on the production floor and that there was no employee named John present during the conversation. In response to my inquiry, Larissa Willis said she could not have met with Complainant on May 16 at 11:35pm. Larissa Willis said the time is incorrect. In response to my inquiry, Larissa Willis said she do not recall Complainant complaining about any issue involving Moore Davis.

In response to my inquiry, Tina Devey said that Respondent provides employment information including attendance issues to Masis. According to Tina Devey, the temp agency sent Respondent a letter stating that Complainant was being removed due to attendance issues. Respondent was asked to submit copy of the voicemail messages Complainant left. In response to my inquiry, Tina Devey said that Amanda (Human Resources personnel) talked to Complainant on a daily basis and Complainant never reported or complained of discrimination.

In response to my inquiry, Alan Bellis said he does not recall the exact date. According to Alan Bellis, during each shift, he would walk around and check with the Team Leaders. Alan Bellis said that Nikki (Team Leader) reported that she had a problem with Complainant and he asked her what the issue was. Alan Bellis continues that Nikki told him that Complainant said he did not have to listen to her and what she has to say. Alan Bellis said he asked Nikki if she wanted him to talk to Complainant. In response to my inquiry, Alan Bellis said he asked Complainant how his day have been going and Complainant responded "busy", and he asked Complainant if there is any problem but Complainant said no. In response to my inquiry, Alan Bellis said when he told Complainant that Nikki reported that Complainant has not been listening to her, Complainant responded that he did not have to listen to Nikki. Alan Bellis said that he told Complainant he has to follow Nikki's directives but Complainant looked at him and stated "this place sucks". Alan Bellis said he then asked Complainant if he likes his job and Complainant said he loves his job, to which he responded "great, take directives from Nikki. Have a good day".



**Gates Medical Associates**
2135 Buffalo Rd
Rochester NY 14624-1507
Phone: 585-276-7575
Fax: 585-426-0976

August 28, 2018

Patient:      **Walter J Hendrix**
Date of Birth: **7/26/1971**
Date of Visit: **8/28/2018**

To Whom It May Concern:

Walter J Hendrix was seen and treated at my office on 8/28/2018 for a medical concern. He reports being threatened by a manager at his former place of work 5/9/2018 and was subsequently terminated after filing a complaint at HR (7/9/2018), presumably in response to this complaint. He has since this incident been dealing with flashbacks, anxiety and insomnia, for which he is being treated at this office.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Electronically signed by Daniel Kroening, MD 8/28/2018 12:02 PM

Cohen's Fashion Optical #184
Marketplace Mall
340 Miracle Mile Drive
Rochester, New York 14623
Phone: (585) 475-0250
Fax: (585) 475-1703


To whom it may concern;

On September 13th 2007, Walter Hendrix was seen at our office for a visual acuity exam.

Due to the severe nature of Mr. Hendrix's prescription it required at minimum an adaptive period of eight to ten hours.  With Mr. Hendrix's health and safety in mind I advised that he not work on September 13th 2007.  He is able to return to work September 14th 2007.

Please note we have made several attempts to appropriate personnel about this matter. Including fax, e-mail and other written notifications. If you require any further assistance please call our office.


Sincerely,


Ralph Murray, OD and Staff


COHEN'S FASHION OPTICA
340 MIRACLE MILE DRIVE
ROCHESTER, N.Y. 14623

U.S. District Court, Western District of Newyork.
Honorable Micheal A. Telesca.
Hendrix v. Masis staffing solutions LLC.

*1 of 4*

COMPLAINT:

Elements: of Retaliation for opposing workplace discrimination.

CAUSE OF ACTION. Elements: Retaliation

- Cause of action, Retaliation. Under the Civil Rights Act of 1866 codified at 42 U.S.C. subsection 1981. (A)

•

CAUSE OF ACTION: Retaliation. Under the civil rights act of 1866 codified at 42 U.S.C. subsection 1981. (B)

CAUSE OF ACTION: Retaliation. Title VII of the Civil Rights Act of 1964 codified at 42 U.S.C.subsection 2000e-2

Cause of action: Retaliation title VII of the Civil Rights Act of 1964 codified at 42 USC subsection 2000e-3

See CBOCS West, Inc. V. Humphries, No. 06-1431 (may 27, 2008)

See. Hexemer V. General Electric Company et al, case. NO.1:12-cv-1808 (N.D. N.Y Sept. 11,2013)

(June 2, 2008) On May 27, the Supreme Court ruled that a provision of the Civil Rights Act of 1866 codified at 42 U.S.C.subsection 1981, which protects against racial discrimination in the making and enforcing of contracts, also prohibits retaliation against persons who complain of violations of this law Jun 2, 2008

Chauca v. Abraham, No. 15-1777 (2d cir.2018)

Elements:Retaliation.(1) protected activity. Participation in an eeo process or opposition to discrimination,
(2) the employer was aware that the plaintiff participated in such Activity( 3.) The plaintiff suffered an adverse employment action based upon that activity  and for there is a causal connection between the protected activity and the adverse  action materially adverse action,

U.S. District Court, Western District of Newyork.
Honorable Micheal A. Telesca.
Hendrix v. Masis staffing solutions LLC.

2 of 4

COMPLAINT:

taken by the employer, and (4) requisite level of causal connection between the protected
activity and the materially adverse action.

CAUSE OF ACTION: Elements: :INTRODUCTION. (1). Protected activity. As an African
American  middle-aged male with disabilities  I am among a protected class. On or around May
9th 2018 I was working in there  meat tray  Department  of Pactiv LLC,. It was my first time
working on  this particular  production  line # 32. As I was bagging up plates, the tape machine
which has really sharp blades started to malfunction,. This happened two or three times to
which I Reported it to the trainer that was in charge of that particular line. He came to fix it  five
minutes later the machine would malfunction again after calling him  the third time  he looked
me in my face  started laughing and walked in the opposite direction. Product, plates we're
coming off the machine and hitting the floor I started to get nervous I yelled out to the trainer
again he was nowhere around. My blood pressure started to go up, my stress level started to go
up,. All of a sudden I started getting massive headaches, like a pounding in the back of my
head. Then my vision became blurry I could not see more than three feet in front of me. My
coworkers  felt pity for me and began to help me clean up the huge mess .  At the same time
complaining  what  a pitiful trainer  the guy was . By this time I could not see well  I had irregular
heartbeat ,  I put my head down  and held my chest . Miss naeslin, who is a team leader .
Walked over  and said" walter what is wrong"? I told her the tape machine malfunctioned, and
the trainer refused to help me . And that  I have disabilities  my high blood pressure is way up
and i have a pounding in  the back of my head  and I cannot see well because I'm legally blind .
(Visually impaired) . As I was still dealing with being visually impaired , and dealing with irregular
heartbeat, related, to my blood pressure going up .( Episodic) .when  I looked up  and no one
was there. Minutes later,. MS. naeslin, returned with  who at the time I did not know who he was
Alan bellis,  the operations manager . He stared at me intently and yelled" what's the problem" .
I told him  that I have disabilities and that  the trainer(Caucasian trainer).  refused to  assist me
in fixing the tape machine to which  I am not qualified  to repair  being that it has sharp blades
and I am visually impaired  and I did not want  to seriously injure myself . He got in my face and
angrily responded , do you like working here?  I said the meat tray area yes I do .  He yelled no
"Pactiv  Incorporated" . I said yes I like working here  there are nice people here  I get along with
my team leaders and my supervisors .  He said Mr Bellis , " lose the attitude  and lose it quick." I
said" I just want to be able to do my job I have disabilities  without being intimidated" .  He then
responded" lose the attitude"angrily as he stared intently at me !  I was terrified  I told him I don't

U.S. District Court, Western District of Newyork.
Honorable Micheal A. Telesca.
Hendrix v. Masis staffing solutions LLC.

3 of 4

COMPLAINT:

understand why Miss naeslin went to go get you she didn't even offer me assistance.I told her I have disabilities  I am visually impaired at this time and  I have irregular heartbeat .  Miss naeslin, then responded by saying  "we'll you refuse  to tell me what was wrong and you were being rude !  I said I was not being rude  my blood pressure was way up I could not see  and the back of my head  was pounding  in other words I was having a massive headache pertaining to my extreme high blood pressure, and disabilities". That's not rude that somebody who needs assistance . Operations manager Alan bellis, angrily cut me off! Stating, Miss Naeslin is the team leader you do what she tells you to do! I was terrified I was scared I knew that if I continued  to engage in protected activity .  State, that I am visually impaired  I have high blood pressure and that  I was experiencing irregular heartbeat .  I could possibly  be terminated  or he would continue threatening me . I was terrified  of operations manager Alan bellis I knew I was being discriminated against because I am a black male, so I remained silent.(2).Causal Connection, I reported it to Pactiv  LLC supervisor, Larissa Willis  and  team leader John Cascini, in a closed-door meeting. I also reported, it to General manager of Masis Staffing Solutions. Todd comfort, and Otto Pina, who is a team coordinator for masis. (3).Nothing was done! Todd Comfort never even addressed the issue with a phone call or visit. For the record I have made several complaints to Todd comfort, on the grounds of being discriminated against at  Pactiv and their officials and he has done nothing. Which is a violation of Pactiv and masis staffing joint anti-harassment policy and contractual obligations. When my wife was hospitalized on Saturday, July 7th, 2018 I called in to Pactiv LLC after I volunteered for four hours of overtime on my day off. (4).materially adverse job action: Monday July 9th, 2018 around 9:30 in the morning, I got a call from Jay diaz, Masis Staffing Solutions work site coordinator. Informing me that the company fired me( Pactiv). I was in shock my blood pressure went up! I pleaded with Miss Diaz, my wife is in the hospital, I have kids I have to take care of my family. I complained about being discriminated at Pactiv, how I was injured on the job and was ignored at Pactiv, I complained about  being threatened and intimidated by Pactiv officials, and neither Pactiv or Masis Staffing Solutions did anything about it and now you are going to fire me. That's not fair! Miss Diaz, Then she said it is their company and they are the one who fired you. What type of experience do you have so I can start looking for more work for you. I told her I had over 20 years of manufacturing experience and that I needed to work she said that she will put me on the list first when jobs come in. I never heard from Miss Diaz again even though I made dozens of phone calls and left messages. And was promised work by  Masis Staffing Solutions office staff . Which general manager Todd comfort, and the entire Masis Staffing Solutions, staff never ever responded to me or my messages.They all would tell me that there were jobs but they

U.S. District Court, Western District of Newyork.
Honorable Micheal A. Telesca.
Hendrix v. Masis staffing solutions LLC.

4 of 4

COMPLAINT:

were waiting on the company officials to call them back before they could call me and give me a new job. I called, dozens of times and left over 20 messages from daily calls to weekly calls in four months and no one from Masis Staffing Solutions ever called me back. 3 weeks after I was discriminated, against and terminated. I got in contact with general manager Todd comfort. I told him about all the discriminatory Acts being threatened and feeling retaliated against. And I got no support from him or Pactiv officials. Todd comfort responded "hey Walt I'm so far removed from Pactiv Life Goes On"! He then hung up the phone.

COMPLAINT CONTINUED.   I bring forth this complaint, civil matter to a federal courtroom based on being retaliated against, for opposing discrimination, for opposing workplace terrorism, after pleading for a job so I could take care of my sick wife, and my children pay my bills and give them a decent life I was discriminated against, retaliated,  against, and ignored by joint employers Pactiv and Masis Staffing Solutions. I take medication for insomnia, anxiety depression, mental anguish, and flash backs. I exercise to deal with the ongoing back pain from being injured, on the job for which I received a few weeks of physical therapy(months later). These two companies have destroyed me mentally. I truly understand racism, discrimination, Retaliation, and workplace terrorism because of them. This will be with me for a very long long time. I can never ever get out of my mind what they put me and my family through.

Seeking relief .Damages. 1.Change in anti-harassment discrimination policy. 2. letter of apology. 3. compensatory damages 4. punitive damages

U. S. District Court, Western District of New York
Honorable: micheal A. Telesca

*1 of 3*

Hendrix v. Masis staffing solutions LLC.
COMPLAINT: breach of contract

Cause of action. Civil Rights Act of 1866 codified at 42 U.S.C. subsection 1981.(A)

Cause of action Civil Rights Act of 1866 codified at 42 U.S.C. subsection 1981.(B)

Cause of action. Title VII.of the Civil Rights Act of 1964. Codified at 42 U.S.C. subsection 2000e-2

Cause of action. Title VII of the Civil Rights Act of 1964 codified at 42 USC subsection 2000e-1

CAUSE OF ACTION: Breach of contract.

Cause of action, Elements: Of Breach of contract

 Element, breach of contract. (A). (1).a valid contract consists of an offer, (2). acceptance of the offer, and(3). consideration,( both parties must agree to give and receive something of benefits)

Elements.(1). the existence of enforceable agreement, (2).performance by plaintiff, (3).the defendant breached the agreement and,(4). the plaintiff sustained damages as a direct result of the defendant's breach. Leon c. Laser, et al., Newyork pattern jury instructions civil section 4.1 at 594 (2d ed. 2006); see JPMorgan chase vs J. H. Elec. of. N.Y. S,2d 237 (2d Dept 2010) Furia v. Furia, 116 A.D. 2d 694, 498 N.Y.S. 2d 12,13(2d Dept 1986)

See.Hexemer. V. General Electric Company et al, Case No. 1:12-cv-1808 (N.D. N.Y Sept. 11, 2013)

CAUSE OF ACTION, Elements. Introduction.(A.) as a, Middle age African American male with disabilities I, identify as a member of a protected class. In late October,  year of 2017 I entered into a contract for employment with Masis Staffing Solutions LLC. Todd comfort who is Masis Staffing Solutions general manager 1. Offer: offered me a position, 2. Acceptance:  I accepted the position for employment after 3.consideration: considering or consideration of what I would be paid per hour, potential overtime, and the opportunity to work for Pactiv LLC in production. For which I have over 20 years of manufacturing and Factory experience. Mr. Comfort felt that my skill-set would make me a value to the type of people that he needed for. The employment

U. S. District Court, Western District of New York
Honorable: micheal A. Telesca

*2 of 3*

Hendrix v. Masis staffing solutions LLC.
contract he had with Pactiv LLC. I agreed, and that began my employment relationship with
Masis Staffing Solutions and Pactiv LLC.

CAUSE OF Action:Elements.(B)
Performance by plaintiff: after signing the employment application / contract. Undergoing a
mandatory Masis Staffing Solutions / Pactiv LLC drug test. I along with a group of other
applicants were driven out to. Pactiv LLC packaging plant in Canandaigua New York. For
orientation pre-screening and a written test, along with a tour of the building to understand to
obtain a better understanding of pactiv llc. rules, regulations, and what every production
Department responsibilities were.
There is also a mandatory two to three week production test that I, we, all, applicants are
engaged in. You must pass this test in the time that they give you( two to three weeks ).
If you do not pass the test given to you by a certified pactiv llc, production trainer, you will be let
go or terminated. Once I passed the Trial, Test. It is then mandatory that you fill out Pactiv LLC
paperwork. (Contract).Stating your test results, your understanding of the rules and regulations
pertaining to that particular Department, And an overall  understanding  of the functions  of
Pactiv  equipment  machines  and  work safety policy. and your passing certification. So that
you may begin working for Pactiv LLC. I worked everyday for the first hundred days. I
volunteered to come in 4 hours early, stay 4 hours late, and I even signed up for overtime to
work on my day off. I was complimented on a regular basis by not only my immediate supervisor
and group leaders but also when I had to work in different departments I was complimented by
other group leaders throughout the company for my hard work and good attitude.

Cause of action, elements. Defendant,(C). (breach of the contract). (3). When I Walter Hendrix
and other black employees would complain about racism, to general manager Todd comfort.
About being yelled at and screamed at and insulted. By pactiv LLC employees,. His attitude was
you are basically working in a predominantly Caucasian /country side area so just deal with it.
He never addressed it, he never made any attempt to resolve it with management from Pactiv
LLC. Which is a violation of the Masis Staffing Solutions and Pactiv LLC joint anti harassment
discrimination policy. I complained to both employers that it was bringing my stress level up and
my blood pressure up to intolerable, unhealthy levels. Nothing was done. When I was injured on
the job, Pactiv officials Shelly cronk told me to go back to my original Department no duty of
care was ever shown to me I complained to my supervisor and team leader and nothing was
done the next morning I went to Masis Staffing Solutions office and told Todd Comfort what
happened. He had Miss Gonzalez (office worker).take a report from me but that was it nothing
was done. I saw human resources official from Pactiv llc. Amanda Dressler and told her she just
stared at me smiled and walked away! Nothing was done. Both companies violated policy
especially OSHA, they were supposed, to establish a duty of care, sit me down interview me as
what is  called an incident report they never did. When my wife got sick, and I became sick due
to my high blood pressure and yelling and screaming and threats at the hands of Pactiv
employees and officials. I called in, even though Masis Staffing Solutions LLC allows for sick

U. S. District Court, Western District of New York

Honorable: micheal A. Telesca

3 of 3

.

Hendrix v. Masis staffing solutions LLC.

time after 60 days I was still punished for it. Which is a violation of their sick policy,. Ada policy,. On the second week of May in 2018 Alan Bellis operations manager threatened me when I told him that I have disabilities. When Todd comfort of Masis Staffing Solutions was emailed the complaint he did nothing! When I told him I was threatened he did nothing which is a violation of the masis Staffing Solutions,  Pactiv LLC joint anti discrimination harassment policy.(breach of contract).

When my wife was hospitalized and I called in to Pactiv LLC on my day off, saturday(July.7.2018.)which I was supposed to work 4 hours overtime volunteered. I got a call Monday morning, July 9th.2018 from Jaye Diaz, stating that I was fired! I told her how my wife was hospitalized and I cannot leave the kids at home by themselves, and that I asked for Paid Family Leave for which I was ignored  by Pactiv and Masis Staffing Solutions. I stated to her how I was injured on the job and Masis Staffing Solutions and Pactiv did nothing except ignore me, I stated how I was being yelled at and screamed at by Pactiv officials and masis, did nothing. I told her how I have disabilities and that masis Staffing Solutions has this information documented,  and masis did nothing. She responded by saying  pactiv LLC fired you its their company. I told her they are supposed to sit me down and discuss any issues they have with me it's in the contract it's company policy!. They never did they never tried to talk to me, even when I tried to talk to them. She stated again Pactiv LLC fired you its their company they can do what they want.


Cause of action, Elements. Plaintiff's sustained damages because of defendants breach. (4). After the breach of contract, and being injured on the  job and ignored, Masis Staffing Solutions and Pactiv LLC never took care into making sure that I was properly checked out by a medical professional. Since then I have been suffering from anxiety, depression,insomnia,flashbacks, for which my doctor has prescribed medication to treat I  also, use a warm pad, medicine, along with exercise for my injured back. Masis Staffing Solutions and Pactiv LLC did not treat me as if I was a human or even if I was citizen of the United States with, civil rights. I know based on the way I and other African Americans have been treated. These egregious,  acts that were taken at the hands power, of  Masis Staffing Solutions and Pactiv LLC was based on my race,( black) . For that reason these nightmares that I have, and the stress depression insomnia anxiety and pain will be with me for a long long time.


Seeking relief, damages. 1.A letter of apology, 2.a change in their anti-harassment policy, 3.compensatory damages, 4.punitive damages,

U. S. District Court, Western District of New York.
Honorable Michael A. Telesca
Hendrix v. Masis Staffing Solutions LLC.

COMPLAINT: wrongful termination
CAUSE OF ACTION: wrongful termination. Public policy violation.
ELEMENTS: wrongful termination.

.

COMPLAINT: cause of action. wrongful termination that violates public policy.

Wrongful termination laws in New York?. Under federal law, employers cannot fire an employee based on a protected characteristic such as race, color, national origin, sex, pregnancy, religion, age, disability, and citizenship status. Are the New York law, employers cannot discriminate based on race, color, national, origin, sex, pregnancy, religion, disability, age, marital status, AIDS / HIV, or sickle cell trait. An employee cannot terminate you based on discriminatory reasons. There are state city, and federal laws that focus on preventing discrimination against members of a protected class.

COMPLAINT: Caused of action.wrongful
termination under Civil Rights Act of 1866 codified at U.S.C. subsection 1981.(A)

COMPLAINT. Cause of action. Wrongful termination under Civil Rights Act of 1866 codified at U.S.C. subsection 1981.(B)

Complaint. CAUSE of Action. Discrimination. under Title 7 of the Civil Rights Act of 1964: 42 U.S.C. subsection 2000e-2

Complaint. Cause of action. New York public policy violation under title 7 of the Civil Rights Act of 1964 .42 USC subsection. 2000e-3.

Cause of action,. Elements,. Wrongful termination that violates public policy.

(A).Employers cannot terminate or fire an employee if the termination would violate public policy. Public policy is violated when then an employee was fired for doing something that was a protected activity either by a statute or constitutional right. One of the most common terminations that violation public policy is when an employee is terminated for reporting an alleged unlawful conduct that the employee has engaged in. This protected activity is called whistleblowing.

(B).What rights does a whistleblower have?

U. S. District Court, Western District of New York.
Honorable Michael A. Telesca
Hendrix v. Masis Staffing Solutions LLC.

2 of 6

COMPLAINT: wrongful termination
CAUSE OF ACTION: wrongful termination. Public policy violation.
ELEMENTS: wrongful termination.

.

federal laws protect workers who speak up about an employer's who is breaking the law viewed
as the eyes and ears of workplace safety and the witnesses to questionable Behavior
whistleblowing employees are afforded immunity against retaliation and termination after
reporting the employer to law enforcement if they are terminated because of whistleblowing they
have the right to sue their employer.

(1).Cause of action,.  Elements,. Wrongful termination.
Occurs when an employer fires  an employee in a manner that is illegal wrongful termination
may be classified into three different types.
Violation of  statues. (1). The termination involved a violation of a law or statue,
Such as discrimination or retaliatory discharge against the employee.

(2).Breach of contract.
The termination was based on a breach of any provisions contained in an employment contract
such as terms regarding wages or hiring.

(3).Violation of public policy. (3). The termination is unlawful because it violates public policy for
example, if the employee was fired for refusing to participate in an illegal act.

(4).Retaliatory termination.
Employer fired employee because employee engaged in a protected activity and was fired in
retaliation of engaging in the right.

(5).Whistleblowing.
Employee reports employers unlawful conduct and is terminated.

Example. Elements:  Wrongful termination. (1)., an employee is let go from a job for illegal
reasons such as discrimination on the basis of a protected category, and employees let go in
violation of public policy, or an employee is let go in violation of company policy.

U. S. District Court, Western District of New York.
Honorable Michael A. Telesca
Hendrix v. Masis Staffing Solutions LLC.

3 of 6

COMPLAINT: wrongful termination
CAUSE OF ACTION: wrongful termination. Public policy violation.
ELEMENTS: wrongful termination.

.

Complaint,.  Cause of action,. (1).New York Consolidated laws, labor law -LAB subsection 740.
Retaliatory Personnel action by employers; prohibition
    (A) New York definition .  (1)a. Employee means an individual who perform services for and
        under the control direction of an employer for wages or other Remuneration.

        New York. Definition.(2).b.Employer means any person firm, partnership, institution,
        Corporation, or Association
        that employs one or more employees.

Under New York labor law subsection 195(6), employers are required to provide written notice
to any employee terminated from employment with "the exact date of such termination as well
as the exact date of the cancellation of employee benefits connected with such termination".

Defined.(1). Public policy violations. When an employee is terminated in violation of public policy
we are usually presented with a case of retaliation where the employer wrongfully terminated an
employee who was acting in accordance with public policy this usually happens when the
actions of the employee are not in the best interest of the employer. The public policy exception
is based on the premise that although an at-will employee may be fired or demoted for no
reason the employer doesn't have the right to punish the employee for a purpose that conflicts
with public policy.

Introduction. Element.. Cause of action.(A).wrongful termination.(1) specifically the New York
state legislator has expressly stated that harassment based on the individual's age race Creed
color national origin sexual orientation gender identity or expression military status sex disability
predisposing genetic characteristics familial status marital status or domestic

Introduction. Element, cause of action,. Wrongful termination, public policy violation.

U. S. District Court, Western District of New York.
Honorable Michael A. Telesca
Hendrix v. Masis Staffing Solutions LLC.

4 of 6

COMPLAINT: wrongful termination
CAUSE OF ACTION: wrongful termination. Public policy violation.
ELEMENTS: wrongful termination.

.

See.  McDonnell Douglas Corp V. Green.
See skillsky  V. lucky Stores, Inc
See. Rosenfeld v.  Thirteenth Street Corp., 1989 okla Lexus 105 at 13 (June 13th, 1989)
- See. Dicomes v. State,782 p.2d 1002, 1007 (wash. 1989)

Hexemer V. General Electric Company et al, Case No. 1:12 -cv-1808 (NN.D. N.Y Sept. 11,2013)

- INTRODUCTION. Element, cause of action. (A). I hereby State I am an African-American middle-aged male with disabilities I am a member of a protected class,. I hereby state that after numerous complaints of me being discriminated against as a joint employee of Pactiv LLC and Masis Staffing Solutions. That when I reached out to General Manager Todd comfort he did nothing about me being  discriminated against. Even when operations manager Alan bellis, threatened me as I was exercising, and voicing my protected activity. (ADA) (Disabilities).Even after I scheduled a closed-door meeting to discuss  me being threatened  intimidated  by operations manager Alan Bellis . To my supervisor. Larissa Willis  at Pactiv LLC she failed, to address the issue with human resources at Pactiv LLC,( violation of anti-harassment discrimination policy). instead she sent  an email over to Masis Staffing Solutions Todd comfort speaking of the confrontation that took place. Todd Comfort general manager at Masis Staffing Solutions never responded, neither did he contact me for a sit-down meeting to take down what happened. Both companies violated the (masis),( Staffing Solutions Pactiv LLC) joint anti discrimination harassment policy. When I was injured on the job, Pactiv LLC officials Shelly.cronk, told me to go back to my department. To continue with the remainder of my shift. When I went to go see Todd Comfort the next morning he just wrote down what happened. Neither company addressed my injury and how it affected me physically. A total failure of Duty of care. I made a complaint to OSHA, as my remedy for the record. I complained several times to Human Resources Amanda dresser about the ovens smoking and employee's like myself and others having to work in  Thick Smoke where you cannot see ten feet in front of your face. I made a whistleblower complaint to OSHA, occupational safety health administration. When trainers, would yell and use vulgar

U. S. District Court, Western District of New York.
Honorable Michael A. Telesca
Hendrix v. Masis Staffing Solutions LLC.

5 of 6

COMPLAINT: wrongful termination
CAUSE OF ACTION: wrongful termination. Public policy violation.
ELEMENTS: wrongful termination.

language causing me stress, and my blood pressure rising up to dangerous levels. I
complained to. Supervisor, Larissa Willis several times. Nothing was done. As a
middle-aged black man with disabilities who is legally blind severe sight impairment, and
high blood pressure, the lack of empathy from both employers due to my spouse, was
overwhelming. When my wife health started to deteriorate and I needed to be there for
her and my kids. I tried to explain it to my supervisor that I needed New York State Paid
Family Leave both employers ignored me stating that the bottom line was getting the
work out the door. But I needed to be there for my wife and my kids they were too young
to be at home by themselves. When I volunteered for overtime on Saturday July 7th
2018 after my wife became hospitalized. I called in, we did not have access to
supervisors personnel numbers under HIPAA and privacy right's I did not want to leave
what was going on with my wife's health on their company automated voicemail so I just
called in. On July 9th Monday 2018 I got a call from joint employer jaye Diaz, stating that
I was fired from Pactiv. Pactiv and Masis Staffing Solutions both have a counseling
system. Where if you need help they would help you,. They never helped me they
discriminated against me based on me being a middle-aged black man with disabilities. I
was devastated I am now living with depression, insomnia, anxiety, flashbacks, mental
anguish, for which my doctor is treating me with medications. My back pain low-to-mid
severity, consistentl reminder of being injured on the job and being shown a lack of
humanity and duty of care . By Pactiv LLC and massive Staffing Solutions  authorities
Being that the companies Pactiv LLC , and Masis Staffing Solutions LLC  was never
there for me. Violated their own joint anti harassment discrimination policy, violating their
duty of care contractual, violation of public policy.  Now I live with this workplace injury..
Masis Staffing Solutions  coordinator, Jaye Diaz,( Pactiv coordinator). After she called
me and  informed me I was fired by Pactiv.llc, asked me what type of work experience,
do I have  I told her I have over 20 years of manufacturing and Factory experience. She
told me she would put me first as far as  Gainful  new employment .  After  40 phone
calls and two dozen messages and three and a half months has passed. I was promised
a job by every member of Masis Staffing Solutions office personnel. Every time i would
call them  looking for work they would tell me to call back at lunch time call back
tomorrow  after a month they just started ignoring me! They wouldn't  never ever  return
one phone call  in the over-40 phone calls and messages that I left in three and a half
months . Every time  I wanted to speak to General Manager Todd Comfort they would

U. S. District Court, Western District of New York.
Honorable Michael A. Telesca
Hendrix v. Masis Staffing Solutions LLC.

COMPLAINT: wrongful termination
CAUSE OF ACTION: wrongful termination. Public policy violation.
ELEMENTS: wrongful termination.

6 of 6

.

tell me he was busy . I spoke to Todd Comfort one time 3 weeks after I was wrongfully
terminated by Pactiv he said "walter I am so far removed from pactiv, Hey life goes
on". Then he hung up the phone. These were Acts of retaliation, racism, because I filed
a discrimination harassment complaint against joint employer Pactiv LLC. These
egregious acts in this complaint is a culmination of workplace terrorism, retaliation,
intimidation by management officials, a total disregard of Ethics, professionalism,
decency and abiding by one's own workplace policies that are against discrimination
and a total disregard for New York state law and the law in general . but more than that
a total disregard for the public policy. Something that should never be allowed to go on
in the United Statest much less any part of the world. The only reason why they treated
me this way is because I am a middle-aged black man with disabilities.( severe sight
impairment and high blood pressure). What they have put me and my family through. will
be with me for a long long time! It's been over a year and I have not gotten better
mentally or physically the damage that they have done to me is Unforgivable. I reached
out to the National Labor Relations Board and filed a complaint, I reached out to OSHA
whistleblower and filed a complaint, I reached out to the Department of Justice and filed
a complaint, I reached out to the New York attorney general's office and filed a
complaint, I filed a complaint with the New York state division of Human Rights, I filed a
complaint with New York State Paid Family Leave, the New York state division of Human
Rights found probable cause for discrimination and continued discrimination on Pactiv
LLC behalf.

Seeking relief, damages. 1.A change in Pactiv LLC and Masis Staffing Solutions LLC
anti-harassment discrimination policy., 2.a letter of apology from the owner of Masis Staffing
Solutions, 3..compensatory damages, 4.punitive damages,.



**NEW YORK STATE** | **Division of Human Rights**

ANDREW M. CUOMO
Governor

**HELEN DIANE FOSTER**
Commissioner

October 17, 2018

Walter J. Hendrix
1855 Brooks Avenue   Apt. 1
Rochester, NY 14624

      Re:    Walter J. Hendrix v. Masis Staffing Solutions, LLC
            Case No. 10197493

Dear Walter J. Hendrix:

      Please be advised that this office has received your complaint.  Your filing date is 10/17/2018.

      A copy of your complaint, and the determination, will be sent to the U.S. Equal Employment Opportunity Commission (EEOC), so that your complaint may be dual-filed under applicable federal law.  Your EEOC charge number is 16GB900284.

      To protect your rights, it is essential that the Division be notified promptly of any change in your address or telephone number.  A form is enclosed for this purpose.

      You will be contacted by the Human Rights Specialist assigned to your case when the active investigation of your complaint begins.  In the meantime, if you have any questions please call our office at (585) 238-8250, or contact us via e-mail to roc.syr@dhr.ny.gov.

      Very truly yours,

      Julia B. Day
      Regional Director

**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**

**<u>DO NOT JEOPARDIZE YOUR RIGHTS. COMPLETE AND RETURN
THIS FORM TO THE REGIONAL OFFICE IF YOU MOVE</u>.**

Return to:
**NYS Division of Human Rights**
**Rochester Regional Office**
**259 Monroe Avenue, Suite 308**
**Rochester, New York 14607**
or by fax to: **(585) 238-8259**

<u>PLEASE PRINT</u>

Re:     Walter J. Hendrix v. Masis Staffing Solutions, LLC
        CASE NO: 10197493

COMPLAINANT'S NAME: Walter J. Hendrix

New name, address, and/or telephone:

NAME: _____

ADDRESS: _____

_____

TELEPHONE NO: _____

DAYTIME/OTHER TELEPHONE NO: _____

I WILL BE AT MY NEW ADDRESS ON OR AFTER: _____

Please indicate below the name, address, and telephone number of a person who may be contacted and will know your whereabouts if the Division cannot locate you:

_____

_____

_____

_____

_____          _____
Date                          Complainant's Signature



**Division of
Human Rights**

ANDREW M. CUOMO
Governor

HELEN DIANE FOSTER
Commissioner

## INFORMATION FOR COMPLAINANTS
### CONCERNING COMPLAINT PROCEDURES OF
### NEW YORK STATE DIVISION OF HUMAN RIGHTS

The New York State Division of Human Rights is a State agency mandated to receive, investigate and resolve complaints of discrimination under N.Y. Executive Law, Article 15 ("Human Rights Law"). The Division's role is to fairly and thoroughly investigate the allegations in light of all evidence gathered.

## YOUR RIGHTS AND RESPONSIBILITIES AS A COMPLAINANT

- You have a right to obtain a private attorney at any time, but you are not required to do so.
- If you experience any further conduct by the Respondent that you believe is discriminatory, or is in retaliation for filing your complaint, you should immediately report it to the Division of Human Rights.
- You must notify the Division of any change in your address or telephone number. If the Division cannot contact you, we may not be able to proceed with your case. Inability to locate you will result in the eventual administrative dismissal of your case.
- Your complaint may voluntarily be withdrawn in writing by you at any time. The withdrawal form must be signed by you or your attorney (original or fax will be accepted). A withdrawal form may be obtained from the Division.
- Conciliation or settlement is possible at all points in the proceeding, and the Division may provide assistance with conciliation or settlement at the request of any party.
- You, or your attorney, may review the Division's file in this matter, and may copy by hand any material in the file, or obtain photocopies at a nominal charge. The Respondent in this matter has the same right to review the file.

## WHAT IS THE INVESTIGATIVE PROCEDURE?

The Division represents neither the Complainant nor the Respondent. The Division pursues the State's interest in the proper resolution of the matter in accordance with the Human Rights Law. Upon receipt of a complaint, the regional office will:

- Notify the Respondent(s). (A Respondent is a person or entity about whose action the Complainant complains.)
- Resolve issues of questionable jurisdiction.

INFORMATION FOR COMPLAINANTS
CONCERNING COMPLAINT PROCEDURES OF THE NYS DIVISION OF HUMAN RIGHTS
Page 2

- Forward a copy of the complaint to the U.S. Equal Employment Opportunity Commission (EEOC) or the U.S. Department of Housing and Urban Development (HUD), where applicable. Such federal filing creates a complaint separate and apart from the complaint filed with the Division, and protects your rights under federal law, although in most cases only one investigation is conducted pursuant to work-sharing agreements with these federal agencies.
- Investigate the complaint through appropriate methods (written inquiry, field investigation, witness interviews, requests for documents, investigatory conference, etc.), in the discretion of the Regional Director. The investigation of the complaint is to be objective.
- Allow the parties to settle the matter by reaching agreement on terms acceptable to the Complainant, Respondent and the Division. The Division will allow settlement from the time of filing until the matter reaches a final resolution.
- Determine whether or not there is probable cause to believe that an act of discrimination has occurred, if the matter cannot be settled prior to that Determination. The Division will notify the Complainant and Respondent in writing of the Determination.

## WHAT IS THE  DIVISION'S POLICY ON ADJOURNMENTS AND EXTENSIONS?

It is the Division's policy to investigate all cases promptly and expeditiously. Therefore, you are expected to cooperate with the investigation fully and promptly.  No deadlines will be extended at any time during the investigation, unless good cause is shown in a written application submitted at least five (5) calendar days prior to the original deadline.

## WHAT IS THE PROCEDURE FOLLOWING THE INVESTIGATION?

If there is a Determination of no probable cause, lack of jurisdiction, or any other type of dismissal of the case, the Complainant may appeal to the State Supreme Court within 60 days.

If the Determination is one of probable cause, there is no appeal to court.  The case then proceeds to public hearing before an Administrative Law Judge.  Under Rule 465.20 (9 N.Y.C.R.R. § 465.20), the Respondent may ask the Commissioner of Human Rights within 60 days of the finding of probable cause to review the finding of probable cause.

## WHAT IS A PUBLIC HEARING?

A public hearing, pursuant to the Human Rights Law, is a trial-like proceeding at which relevant evidence is placed in the hearing record.  It is a hearing de novo, which means that the Commissioner's final decision on the case is based solely on the content of the hearing record.  The public hearing is presided over by an Administrative Law Judge, and a verbatim transcript is made of the proceedings.

The hearing may last one or more days, not always consecutive.  Parties are notified of all hearing sessions in advance, and the case may be adjourned to a later date only for good cause.

The Complainant can retain private counsel for the hearing, but is not required to do so.  If Complainant is not represented by private counsel, the Division's counsel prosecutes the case in support of the complaint.  Respondent can retain private counsel for the hearing, and, if Respondent is

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Walter J. Hendrix
1855 Brooks Avenue    Apt. 1
Rochester, NY 14624

EEOC Charge Number: 16GB900284
NYSDHR Case Number: 10197493

**NOTICE**

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR). The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed. Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC). All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[X] Title VII of the Civil Rights Act of 1964, as amended — If you want to file a private lawsuit in federal district court with your own private attorney because you do not want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, 180 days after you have filed your complaint. Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires. If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[ ] The Americans with Disabilities Act of 1990 (ADA) — Same as Title VII, above.

[ ] The Age Discrimination in Employment Act of 1967, as amended (ADEA) — If you want to file a private lawsuit with your own private attorney, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights. This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: October 17, 2018

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

## EEOC REVIEW PROCEDURE

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review.  This request must be done in writing to the EEOC and within <u>fifteen (15) days</u> from the date you received the New York State Division of Human Rights final determination.  Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only.  Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.

Date: October 17, 2018

INFORMATION FOR COMPLAINANTS
CONCERNING COMPLAINT PROCEDURES OF THE NYS DIVISION OF HUMAN RIGHTS
Page 3

a corporation, is required to be represented by legal counsel. Attorneys for the parties or for the Division may issue subpoenas for documents and to compel the presence of witnesses.

At the conclusion of the hearing sessions, a proposed Order is prepared by the Administrative Law Judge and is sent to the parties for comment.

A final Order is issued by the Commissioner. The Commissioner either dismisses the complaint or finds discrimination. If discrimination is found, Respondent will be ordered to cease and desist and take appropriate action, such as reinstatement, training of staff, or provision of reasonable accommodation of disability. The Division may award money damages to Complainant, including back pay and compensatory damages for mental pain and suffering, and in the case of housing discrimination, punitive damages, attorney's fees and civil fines and penalties. A Commissioner's Order may be appealed by either party to the State Supreme Court within 60 days. Orders after hearing are transferred by the lower court to the Appellate Division for review.

## WHAT IS A COMPLIANCE INVESTIGATION?

The compliance investigation unit verifies whether the Respondent has complied with the provisions of the Commissioner's Order. If the Respondent has not complied, enforcement proceedings in court may be brought by the Division.

## NOTICE PURSUANT TO PERSONAL PRIVACY PROTECTION LAW

Pursuant to the Human Rights Law, the Division collects certain personal information from individuals filing complaints and from those against whom a complaint has been filed. The information is necessary to conduct a proper investigation; failure to provide such information could impair the Division's ability to properly investigate the matter. This information is maintained in a computerized Case Management System maintained by the Division's Director of Information Technology, who is located at One Fordham Plaza, Bronx, New York, (718) 741-8365.

## GENERAL INFORMATION

For a more detailed explanation of the process, see the Division's Rules of Practice (9 N.Y.C.R.R. § 465) available on our website www.dhr.ny.gov. If you have any additional questions about the process, the investigator assigned to the case will be available to answer most questions.

**Note: A valid, <u>unexpired</u> government issued photo identification (such as a drivers license) is <u>required</u> for entry into the building.**

**Please contact Ugoezi Adjaero, Human Rights Specialist I, at (585) 238-8248 within five business days of receipt of this notice, to confirm that you will be attending the conference.** <u>NOTE</u>: No adjournments will be granted unless requested within five business days of receipt of this notice, with suggested alternate dates provided. Such requests must be made in writing to the Human Rights Specialist assigned. Only one such adjournment request per party will be granted. Requests for extensions of more than two weeks will not be granted.

**Protection of personal privacy:** The Division observes a personal privacy protection policy consistent with Human Rights Law § 297.8 which governs what information the Division may disclose, and the N.Y. Public Officer's Law § 89 and § 96-a, which prohibit disclosure of social security numbers and limit further disclosure of certain information subject to personal privacy protection. Please redact or remove personal information from any documentation submitted to the Division, unless and until the Division specifically requests any personal information needed for the investigation. The following information should be redacted: the first five digits of social security numbers; dates of birth; home addresses and home telephone numbers; any other information of a personal nature. The following documentation should not be submitted unless specifically requested by the Division: medical records; credit histories; resumes and employment histories. The Division may return your documents if they contain personal information that was not specifically requested by the Division. If you believe that inclusion of any such personal information is necessary to support your position, please contact me to discuss before submitting such information.

- 2 -

Please address all requests, questions, and other communication to Ugoezi Adjaero, Human Rights Specialist I, at the above number.

Dated: October 25, 2018
       Rochester, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____

Ugoezi Adjaero, HRS I
Julia B. Day
Regional Director
Tel: (585) 238-8250
Fax: (585) 238-8259

- 3 -



**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

WALTER J. HENDRIX,

                             Complainant,

          v.

MASIS STAFFING SOLUTIONS, LLC,

                              Respondent.

DETERMINATION AFTER
INVESTIGATION

Case No.
10197493

Federal Charge No. 16GB900284

On 10/17/2018, Walter J. Hendrix filed a verified complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division has determined that it has jurisdiction in this matter and that <u>PROBABLE CAUSE</u> exists to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated:       **APR 0 1 2019**
           Rochester, New York

                      STATE DIVISION OF HUMAN RIGHTS

          By:    *Julia B Day*
                Julia B. Day
                Regional Director

## Information to the Parties
## Following Determination of Probable Cause

The New York State Division of Human Rights ("Division") is the administrative agency charged with enforcing the New York State Human Rights Law. The Division investigates complaints of discrimination, determines whether there is probable cause to believe that discrimination has occurred, and conducts a public hearing of the complaint where probable cause is found. Probable cause has been found in this case, and the matter will now proceed to a public hearing before an Administrative Law Judge.

If a Complainant does not have a private attorney, the Division will assign an attorney to present the case in support of the complaint. The Division attorney at all times represents the Division, not the Complainant personally. Substitutions and reassignments of Division attorneys and Administrative Law Judges are within the Division's discretion.

The Division generally schedules public hearings for two consecutive days, which may be allocated with one day each for the presentation of Complainant's and Respondent's cases. There is no formal discovery. Parties may exchange document and witness lists at the preliminary conference, which will take place during the first hour of the first day of the public hearing.

Prior to receiving the notice setting out the date and time of the public hearing, parties may receive notice of a Pre-Hearing Settlement Conference, which will be scheduled several weeks before the public hearing. If Respondent wishes to make an offer of settlement prior to that time, Respondent should contact the Hearing Attorneys Unit at (718) 741-8398.

The Division has its own Rules of Practice which can be found on the Division's website, www.dhr.ny.gov. The New York Civil Practice Law and Rules and the Federal Rules of Procedure and Evidence are inapplicable to Division proceedings. Please cite to New York State case law wherever possible in all submissions to the Division.

The parties have a continuing obligation to keep the Division advised as to any changes in the case including:

1.      Changes in name, address and/or telephone number of the parties and successors in interest.

2.      Commencement of proceedings in another forum.

3.      Settlement of the case.

Any of the above information should be timely provided to the Division, IN WRITING on the attached form to the following by mail or fax:

**New York State Division of Human Rights**
**Attn: Chief Calendar Clerk**
**One Fordham Plaza, 4th Floor**
**Bronx, New York 10458**
**Fax: (718) 741-8333**

If the Complainant wishes to seek dismissal of this matter to proceed in an alternate forum, an application should be filed with the Chief Calendar Clerk at the above listed address, preferably within twenty (20) days of the date of this determination.

The parties also have a continuing obligation to maintain certain information, records, etc., as follows:

1.   Parties must keep track of the whereabouts of their witnesses.

2.   Parties are obligated to identify and preserve all evidence relating to the case, including evidence relating to any incidents which relate to the case that occur after the Division makes a finding of probable cause, and including all evidence whether for or against that party's interests.

3.   Parties are responsible for recording and keeping evidence relating to any increase or reduction in damages.

Finally, if you would like to request a copy of the investigation file, please do so promptly.  Put your request in writing to:

> **New York State Division of Human Rights**
> **Attn: FOIL Officer**
> **One Fordham Plaza, 4th Floor**
> **Bronx, New York 10458**
> **Fax: (718) 741-3217**
> **Email: foil@dhr.ny.gov**

Please note that your request for documents, or the Division's response or date of response thereto, will not affect the date of the hearing, and cannot be used to request a postponement or rescheduling of the hearing.  Costs for copying, established by statute, will apply.

# FREQUENTLY ASKED QUESTIONS

The New York State Human Rights Law and the Division's Rules of Practice outline the policies and procedures that govern hearings administered by the New York State Division of Human Rights.  The Law and the Rules are available on the Division's website at www.dhr.ny.gov.  Parties may consult with their own attorneys on questions about and interpretations of the Law and/or the Rules.  The following are general responses to frequently asked questions.  The responses are not legal advice, and should be used for informational purposes only.

Information to the Parties
Page 3

## Before the Public Hearing

1.  **I recently received a "Determination After Investigation" letter from the Division, stating that there is probable cause to believe that discrimination has occurred in my case and that the case will be scheduled for a public hearing. What does this mean and when will the case be scheduled for a hearing?**

    Where the Division finds probable cause after investigation, the Human Rights Law requires that the entire case be heard at a public hearing before an administrative law judge, where all relevant evidence is presented and the testimony of witnesses is taken under oath and subject to cross-examination. You will receive written notice from the Division of the hearing date, time, and location of the hearing. The hearing usually is scheduled to occur 4 to 6 weeks from the date of the written notice. Prior to receiving this notice, you may receive notice of a Pre-Hearing Settlement Conference, where your case will come before an Administrative Law Judge for the purpose of exploring settlement.

2.  **Do we pick the dates for the hearing?**

    No. The Division selects dates for a public hearing, and notifies the parties in writing through the notice of hearing.

3.  **What do I bring to the hearing, such as documents, witnesses, etc.?**

    The parties should identify and bring all documents and witnesses relevant to their claims and/or defenses. The parties should review the notice of hearing, which is issued via mail.

4.  **Now that the case is scheduled for a hearing, what happens next?**

    The case proceeds to a public hearing on the scheduled date. The Complainant may consult with his or her own attorney. If Complainant does not have an attorney, please wait to be contacted by a Division attorney, who will present the case in support of the complaint. Further, the parties should review the notice of hearing, which is issued via mail.

5.  **When should an answer be filed and can it be faxed?**

    An answer should be served by the respondent(s) on all parties and the Administrative Law Judge at least two (2) business days before the public hearing. This is a statutory requirement. All formal papers, including but not limited to the answer, must be submitted via personal service, mail, or fax (with an original to follow) for proper docketing and timely filing. Formal papers submitted via electronic mail are deemed courtesy copies and do not constitute proper service.

Information to the Parties
Page 4

## Adjournments

6.  **What should I do if I have a conflict with the hearing date that is scheduled?**

    You should submit, as early as possible, a written request for an adjournment of the hearing, stating the basis for your request, to all parties and the Administrative Law Judge.

7.  **On what basis will the judge grant an adjournment? Will I receive a letter with new dates?**

    Adjournment of a public hearing is granted only for actual engagement before a higher tribunal on the specific dates of the public hearing, or for other good cause shown as determined by the Division. If a case is adjourned, the Division will schedule a new hearing date.

## Public Hearing

8.  **What happens if I do not appear for the hearing?**

    A complainant's failure to appear at a public hearing may result in a dismissal of a complaint, and a respondent's failure to appear may result in a default finding against a respondent.

9.  **How long is the hearing?**

    Public hearings are generally scheduled for two (2) days.

10. **Can I speak with the Judge?**

    *Ex parte* communication (*i.e.*, by only one party) with the judge assigned to the case is strictly prohibited.  The parties may jointly request a conference with a judge through the Office of Administrative Law Judges.

## Additional Information

11. **I have more questions.  Where can I call for more information?**

    If necessary, you may call Shirese Taylor, Chief Calendar Clerk, at (718) 741-8400.  We do request that you call only if the situation is urgent.  Please do not call to ask the status of your case; the Division will contact *you* at the appropriate time.  Frequent telephone contact can interfere with the prompt processing of your hearing.  Please do not call your regional office; they will not have information on the hearing process.

# NEW YORK STATE

# DIVISION OF HUMAN RIGHTS

TO:     Files                                          REGION:  Rochester

FROM:  Julia B. Day                                    DATE: March 29, 2019
        Regional Director

SDHR CASE NO: 10197493-18-E-RO-E

Federal Charge No. 16GB900284

SUBJECT:     Walter J. Hendrix v. Masis Staffing Solutions, LLC

---

## FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION

### I.     CASE SUMMARY

This is a verified complaint, filed by complainant, Walter J. Hendrix, on Wednesday 10/17/2018.  The complainant who is black and maintains he opposed discrimination, charges the respondent with unlawful discriminatory practices in relation to employment because of race/color, opposed discrimination/retaliation.

### II.     SUMMARY OF INVESTIGATION

Complainant's Position:
Complainant who is black and maintains he opposed discrimination, alleges Respondent discriminated against him because of his race/color. Complainant maintains that after he filed a discrimination complaint # 10196373 against Pactiv LLC (Respondent's client), Respondent retaliated against him. Complainant asserts that Respondent refused to give Complainant another job assignment because of his discrimination complaint. Complainant further asserts that he made several telephone calls to Respondent for job placement but Respondent's manager, Todd Comfort refused to answer Complainant's telephone call. Complainant contends that when he made contact with Respondent, he was promised a new job assignment but Respondent gave the job assignments to other applicants. Complainant maintains that Respondent retaliated against him because he complained that he was discriminated by Pactiv, LLC, and had filed a discrimination complaint against Pactiv, LLC.

Respondent's Position:
Respondent denies discriminating against Respondent. According to Respondent, Complainant was hired by Respondent in late October of 2017 and began his assignment as a packer with Respondent's client, Pactiv LLC, in early November of 2017.  Respondent said it does not provide transportation to employees, but Pactiv LLC, provides employees with transportation.

Respondent contends that Complainant was able to work at Pactiv due to the company providing transportation for him. Respondent maintains that while working at Pactiv, Complainant was assigned work and supervised by Pactiv employees and was expected to adhere to Pactiv's company policies, including its attendance policy. Respondent asserts that during Complainant's eight months of employment at Pactiv, Complainant had attendance issues which resulted in the termination of his assignment by Pactiv in July 2017. Respondent said that after the termination of his assignment by Pactiv, Complainant requested a new placement from Respondent. Respondent further asserts that the only client that Respondent had within Complainant's territory requires the employee to have their own personal mode of transportation. Respondent said that Complainant does not have his own personal mode of transportation, thus Respondent was unable to place him with any client. Respondent maintains that as of the date of submitting its position statement to Complainant's verified complaint, Respondent still does not have any client within Complainant's territory who have openings and do not require employees to have their own transportation. Respondent said that Complainant also made it difficult to place him in another assignment by requesting to only work night shifts from 11pm to 7:30am.

Investigator's Observations:
This a companion case to complaint #10196373 filed by Complainant on August 17, 2018. A No Probable Cause Determination was made on the case in February 2019.

Investigation revealed that Respondent is a staffing agency that provides employment services to its clients for the performance of various job functions. Investigation further revealed that Complainant was hired by Respondent in October 2017 and assigned to its client, Pactiv, LLC, as a packer. Investigation indicates that Complainant worked for Pactiv until his assignment was terminated by Pactiv in July 2017. Complainant maintains that during his employment with Pactiv, he was subjected to discrimination and that he reported the discriminatory treatment to Respondent, and also filed a discrimination complaint with the New York State Division of Human Rights. While Respondent maintains that it was unaware that Complainant had filed a discrimination complaint against Pactiv, Larrissa Willis (Pactiv's Productivity Supervisor) said during an interview that Complainant had complained about a Pactiv employee and that she forwarded Complainant's complaint to Masis Staffing (Respondent).

Complainant and Respondent were in agreement that after Complainant's assignment with Pactiv ended, Complainant requested to be placed on another job assignment. While Complainant alleged that Respondent refused to place him on another job assignment because of the discrimination complaint he filed against Pactiv, Respondent maintains that one reason it was unable to place Complainant on another assignment because of Complainant's shift preference. Respondent maintains that Complainant stated he is only available to work the night shift from 11pm to 7:30am, but Complainant contends that he informed Respondent he was open to work all shifts. Copy of Complainant's employment application submitted by Respondent revealed that Complainant indicated on his employment application that he is available to work night and day shifts.

While Respondent maintains that Complainant was also not placed on another assignment because Respondent's clients require an employee to have a personal mode of transportation, Complainant maintains that he never told Respondent that he did not have transportation. During

this investigation, Respondent was requested to submit records showing that job assignments where Respondent had considered placing Complainant had transportation requirements, but Respondent did not provide it. Copy of Complainant's personal file revealed that upon hire, Complainant signed Respondent's transportation obligations and release acknowledgement form, stating that Complainant was responsible for providing transportation to job assignments.

Complainant maintains that he called Respondent's employees, including Todd Comfort (Respondent's Area Manager) on numerous occasions, requesting a new job assignment and that he was willing to work all shifts. Todd Comfort said during the two party fact finding conference that Complainant never called him or said he can work all shifts. Copy of Complainant's telephone record submitted by Complainant during this investigation revealed that Complainant made several phone calls to Respondent's place of business after his assignment with Pactiv, LLC ended.

Submitted by: Ugoez Adjaero/EIC

Ugoezi Adjaero
Human Rights Specialist I

## III.     BASIS FOR DETERMINATION

Investigation showed that Complainant, who is African American, was employed by Respondent and assigned to Respondent's client's place of business as a packer. Evidence indicates that after Complainant's assignment was terminated by Respondent's client, Complainant requested a new assignment from Respondent. Complainant alleged that he was not given a new assignment because he filed a discrimination complaint against Respondent's client with the New York State Division of Human Rights, while Respondent maintains that Complainant was not given a new assignment because of Complainant's shift preference and lack of personal mode of transportation. The documents supplied by Respondent during this investigation revealed that Complainant did not have limited shift availability, and that Complainant agreed upon hire that he is responsible for providing transportation to his job assignments. There are issues of material fact remaining, including but not limited to, whether Complainant was denied employment opportunities by Respondent because of his prior NYS Division of Human Rights complaint against Respondent's client or whether Respondent had a legitimate, non-discriminatory business reason for failing to place Complainant on another job assignment. These material issues of fact are best resolved in the context of a full public hearing where there is sworn testimony and the opportunity for cross examination. Therefore, there is probable cause to support the allegations of the complaint.

Reviewed & Approved: Jami Kaplan

Jami Kaplan
Human Rights Specialist II

IV.     **DETERMINATION**

Based on the foregoing, I find Probable Cause to support the allegations of the complaint.

Julia B. Day
Regional Director

LawManager

**NY DHR**
**EVENT HISTORY WITH COMMENTS**

Name: Walter J. Hendrix v Masis Staffing Solutions, LLC (1)

| Complaint ID | Complaint Code | Date Filed | Investigating Office | HRS |
|---|---|---|---|---|
| 10197493 | 18-E-RO-E | 10/17/2018 | Rochester | Ugoezi Adjaero |



**NY DHR**
**EVENT HISTORY WITH COMMENTS**

Name: Walter J. Hendrix v Masis Staffing Solutions, LLC (1)

Events (19)

Unit: Regional
Type: Complaint Filed
SubType:
Date: Wed 10/17/2018
Status: Completed
Date Completed: 10/17/2018
Comments:

Unit: Regional
Type: Serve Complaint on Respondent
SubType:
Date: Wed 10/17/2018
Status: Completed
Date Completed: 10/17/2018
Comments:

Unit: EEOC Contracts
Type: Review Intake (ECU)
SubType:
Date: Wed 10/17/2018
Status: Completed
Date Completed: 10/17/2018
Comments:

Unit: Regional
Type: Response Due Date
SubType:
Date: Thu 11/1/2018
Status: Completed
Date Completed: 11/2/2018
Comments:

Unit: Regional
Type: Response Received from Respondent
SubType:
Date: Fri 11/2/2018
Status: Completed
Date Completed: 11/2/2018
Comments:

Unit: Regional
Type: Rebuttal Requested
SubType:
Date: Fri 11/2/2018
Status: Completed
Date Completed: 11/2/2018
Comments:

 LawManager

**NY DHR**
**EVENT HISTORY WITH COMMENTS**

Name: **Walter J. Hendrix v Masis Staffing Solutions, LLC (1)**

Events (19)

            Unit: Regional
            Type: Rebuttal Received
         SubType:
            Date: Fri 11/16/2018
          Status: Completed
  Date Completed: 11/16/2018
        Comments:

            Unit: Regional
            Type: Rebuttal Due Date
         SubType:
            Date: Mon 11/19/2018
          Status: Completed
  Date Completed: 11/16/2018
        Comments:

 LawManager

**NY DHR**
**EVENT HISTORY WITH COMMENTS**

Name: **Walter J. Hendrix v Masis Staffing Solutions, LLC (1)**

Events (19)

| | |
|---|---|
| Unit: | Regional |
| Type: | Two Party Conference |
| SubType: | In Person |
| Date: | Mon 1/14/2019 |
| Status: | Completed |
| Date Completed: | 1/14/2019 |
| Comments: | This matter came on for a two party fact finding conference by Ugoezi Adjaero, HRS 1 on January 14, 2019. Participating in the conference were: |

Walter Hendrix, Complainant
Kevin Mosher, Respondent's attorney
Todd Comfort, Area Manager

In response to my inquiry, Complainant said after he complained that an operations manager at Pactiv got into face and threatened him, Otto Pina (Respondent's employee) told him to apologize to the manager stating "you have to keep your job". Complainant said that after he was terminated by Pactiv, he called Respondent on 40 separate occasions and left about 20 messages and Respondent did not return his call. In response to my inquiry, Complainant said he called Jay Diaz (Respondent's coordinator), Ms. Prinisck (Assistant Office Manager) at 585 296 1100 and left messages on their extensions. Complainant said Respondent returned his call three and half months later. Complainant continues that he went to Respondent's office on two separate occasions and spoke with Gonzalez and when he requested to speak with Todd Comfort, he was told Todd Comfort was not available. In response to my inquiry, Complainant said that his background is manufacturing and that he told Respondent that he is available to work all shifts. Complainant continues that he left 12 voice message for Todd Comfort concerning being able to work all shifts. In response to my inquiry, Complainant said that he did not put it down on his application, but he did not put down that he did not have transportation. Complainant said that every time he calls Respondent's office, he was told that Respondent will have a job for him tomorrow. In response to my inquiry, Complainant said he made calls to Respondent in July, 2018 and 25 calls in mid-August 2018. In response to my inquiry, Complainant said he was able to reach Todd Comfort after leaving him 25 voice messages and during their conversation, he told Todd Comfort how he was discriminated against by Pactiv. Complainant said he told Todd Comfort that a Pactiv employee got into his face even though he is legally blind but Todd Comfort responded "What I'm so far removed from Pactiv, Life goes".
In response to my inquiry, Complainant said that Larrisa Willis stated in the statement she submitted on behalf of Pactiv that she informed Todd Comfort that Complainant said he was threatened by a Pactiv employee. Complainant said if he is Caucasian, he would not be treated the way Respondent treated him. Complainant said he went to Respondent's office on July 14, 2018, spoke to Gonzalez and Otto Pina. According to Complainant, he spoke Otto Pina on May 9th and told him that the only reason the Pactiv employee got into Complainant's face was because Complainant is black. In response to my inquiry, Complainant said that Pactiv fired him on July 9, 2018 and same day he called Jay Diaz and complained. In response to my inquiry, Complainant said he believe he was retaliating against by Respondent because he filed a discrimination complaint against Respondent's client's Pactiv and since then, Respondent refused to place him in a new assignment.

In response to my inquiry, Complainant said that in January, February 2018, he told Otto Pina that he has kids, his wife's health is deteriorating and that he need to take the NYS family medical leave. Complainant said he also talked to Jay Diaz but Jay Diaz requested for medical note for the time Complainant took off from work because of his wife's heath. In response to my inquiry, Complainant said that his NYS Family Medical Leave request was just going to be internment, nothing definite with him taking time off, maybe a half day off or 2 to 3 days off in a week. In response to my inquiry, Complainant said he took time off from work in May and June 2018 when his wife's health deteriorated. Complainant continues that Jay Diaz asked for medical notes but he did not provide it. Complainant continues that Jay Diaz said that she found the medical notes Complainant had given to Otto Pina but still requested medical note for the period Complainant took time off work in March, 2018. In response to my inquiry, Complainant said he did not provide the medical note because he took off from work because of his wife's heath. In response to my inquiry, Complainant said he was not penalized for failing to submit the requested medical note. In response to my inquiry, Complainant said he did not submit a written application for the NYS Family Medical Leave, and thus did not apply.

Kevin Mosher said that Complainant need at least 26 weeks or 6 months of continuous employment to qualify for the NYS Family Medical Leave.
Complainant said that Kevin Mosher is absolutely right that he made another request in May and in June 2018. In response to my inquiry, Complainant said he made the request to take care of his sick wife but he did not submit an application.
In response to my inquiry, Todd Comfort said that Complainant had requested to work third shift on a bus line because he did not have transportation. In response to my inquiry, Todd Comfort said he could not place Complainant on another assignment because the client requires that Complainant have a car and that none of the available assignments was on a bus line. Todd Comfort continues that Complainant told him that he would only work night shifts on a bus line. In response to my inquiry, Todd Comfort said Complainant never called him or left a voice mail message stating that he could work other shifts or that he had his own transportation. In response to my inquiry, Todd Comfort said there was no client requesting a shift employee that was on a bus line except for Pactiv.

In response to my inquiry, Complainant said that he never told Todd Comfort that he would only work C shift or that he did not

---

By: uadjaero



**NY DHR**
**EVENT HISTORY WITH COMMENTS**

Name: Walter J. Hendrix v Masis Staffing Solutions, LLC (1)

Events (19)

have transportation. Complainant said he called Todd Comfort on October 17, 2018 and said that he would work any shift.
In response to my inquiry, Todd Comfort said that some clients on a bus line would not accept someone using the bus to report to
C shift based on the bus schedule. Todd Comfort said he never received any message from Complainant stating that Complainant
will work any shift or that he has transportation.
Respondent was requested to submit job assignments that they had considered placing Complainant but could not because of the
transportation requirement for such job assignments. Todd Comfort said the posting are no longer available. Todd Comfort said
that Respondent work with its clients to place employees on various assignments based on the need of their client. Respondent
was requested to submit copy of Complainant's employment application, phone records and contact number for Respondent's
recruiters. Todd Comfort said that Respondent would the application form and contact number available to Investigator.
Complainant was requested to submit copy of his phone records showing the calls he allegedly made to Respondent.
The parties did not have additional information to add. The conference was adjourned.

| | |
|---|---|
| Unit: | Regional |
| Type: | Respondent Contact |
| SubType: | E-mail |
| Date: | Wed 1/23/2019 |
| Status: | Completed |
| Date Completed: | 1/24/2019 |
| Comments: | Respondent submitted copy of Complainant's personnel file. |

| | |
|---|---|
| Unit: | Regional |
| Type: | Complainant Contact |
| SubType: | Mail |
| Date: | Fri 1/25/2019 |
| Status: | Completed |
| Date Completed: | 1/25/2019 |
| Comments: | Complainant submitted phone records. |

| | |
|---|---|
| Unit: | Regional |
| Type: | Respondent Contact |
| SubType: | E-mail |
| Date: | Wed 1/30/2019 |
| Status: | Completed |
| Date Completed: | 3/29/2019 |
| Comments: | Copy of the telephone record submitted by Complainant was emailed to Respondent's attorney. |

| | |
|---|---|
| Unit: | Regional |
| Type: | Witness Interview |
| SubType: | Telephone |
| Date: | Wed 1/30/2019 |
| Status: | Completed |
| Date Completed: | 3/29/2019 |
| Comments: | Witness interview for Jany Gonzalez (Supervisor).<br>Respondent's attorney, Kevin Mosher apologized for the mix up stating that he has Juleydie Diaz (Respondent's former employee) on the phone and not Jany Gonzalez. Kevin Mosher siad he will forward Jany Gonzalez's phone number.<br><br>In response to my inquiry, Juleydie Diaz said that the last conversation she had with Complainant was after Complainant was terminated by Pactive. Juleydie Diaz said that Complainant never contacted concerning another assignment. In response to my, Juleydie Diaz said that Complainant never called to ask to be given another assignment. Juleydie Diaz said that Jany Gonzalez was the only Pactiv on site manager. Juleydie Diaz said that Complainant neve requested for family medical leave. |

By: uadjaero



**NY DHR**
**EVENT HISTORY WITH COMMENTS**

Name: Walter J. Hendrix v Masis Staffing Solutions, LLC (1)

Events (19)

| | |
|---|---|
| Unit: | Regional |
| Type: | Complainant Contact |
| SubType: | Telephone |
| Date: | Tue 2/19/2019 |
| Status: | Completed |
| Date Completed: | 2/19/2019 |
| Comments: | On 2/19, the cp called about the possibility of withdrawing his complaint and proceeding in Federal court. I suggested that he consult an attorney, and I answered procedural questions regarding withdrawal and ACD. He then indicated that would retain the case at DHR. |

| | |
|---|---|
| Unit: | Regional |
| Type: | Witness Interview |
| SubType: | Telephone |
| Date: | Fri 3/29/2019 |
| Status: | Completed |
| Date Completed: | 3/29/2019 |
| Comments: | Name:Jany Gonzalez<br>Contact Number:585 738 6747<br><br>Jany Gonzalez siad that Complainant did not reach out to her for another assignment because she is a manager and not a recruiter. According to Jany Gonzalez, Complainant may have reached out to the recruiters. In response to my inquiry, Jany Gonzalez said that she did speak with Complainant but she told Complainant that she is actively looking for another assignment for him. In response to my inquiry, Jany Gonzalez said that it was hard to find another assignment for Complainant based on his preferred schedule. Jany Gonzalez siad that Complainant's attendance at Pactiv was also quite spotty and that he was issued attendance warning. |

| | |
|---|---|
| Unit: | Regional |
| Type: | Non-Party Contact |
| SubType: | Voicemail |
| Date: | Fri 3/29/2019 |
| Status: | Completed |
| Date Completed: | 3/29/2019 |
| Comments: | Left a voice mail message for Otoniel Pina (585 500 1705) to contact Investigator. |

| | |
|---|---|
| Unit: | Regional |
| Type: | FIRABOD Submitted to Supervisor |
| SubType: | |
| Date: | Fri 3/29/2019 |
| Status: | Completed |
| Date Completed: | 3/29/2019 |
| Comments: | |

| | |
|---|---|
| Unit: | All |
| Type: | Determination Due Date |
| SubType: | |
| Date: | Mon 4/15/2019 |
| Status: | Pending |
| Date Completed: | |
| Comments: | |

By: uadjaero



**NY DHR**
**EVENT HISTORY WITH COMMENTS**

**Name: Walter J. Hendrix v Masis Staffing Solutions, LLC (1)**

**Events (19)**

| | |
|---|---|
| Unit: | All |
| Type: | Commissioner's Order Due Date |
| SubType: | |
| Date: | Wed 1/1/2020 |
| Status: | Pending |
| Date Completed: | |
| Comments: | |

Report complete. Number of main records listed: 1

Report run on 03/29/2019                                                                                                    7

By: uadjaero



**NEW YORK STATE** | **Division of Human Rights**

ANDREW M. CUOMO
Governor

HELEN DIANE FOSTER
Commissioner

# Notice of Important Document

| | |
|---|---|
| **ENGLISH** | **This is an important document. If you need help to understand it, please call 888-392-3644. An interpreter will be provided free.** |
| **Español**<br><br>**Spanish** | Este es un documento importante. Si necesita ayuda para entenderlo, por favor llame al 888-392-3644. Se le proveerá un intérprete gratis. |
| 简体字<br><br>**Simplified Chinese** | 这是一份重要文件。如果您需要帮助理解此文件，请打电话至 888-392-3644。您会得到免费翻译服务。 |
| 簡體字<br><br>**Traditional Chinese** | 這是一份重要文件。如果您需要幫助理解此文件，請打電話至 888-392-3644。您会得到免費翻譯服務。 |
| **Kreyòl Ayisyen**<br><br>**Haitian Creole** | Sa a se yon dokiman enpòtan. Si ou bezwen èd pou konprann li, tanpri rele: 888-392-3644. Y ap ba ou yon entèprèt gratis. |
| **Italiano**<br><br>**Italian** | Il presente documento è importante. Per qualsiasi chiarimento può chiamare il numero 888-392-3644. Un interprete sarà disponibile gratuitamente. |
| 한국어<br><br>**Korean** | 이것은 중요한 서류입니다. 도움이 필요하시면, 연락해 주십시오: 888-392-3644. 무료 통역이 제공됩니다. |
| **Русский**<br><br>**Russian** | Это важный документ. Если Вам нужна помощь для понимания этого документа, позвоните по телефону 888-392-3644. Переводчик предоставляется бесплатно. |